UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E.A. o.b.o. J.V., a student with disability,

                Plaintiff,              11 Civ. 1205 (LBS)

           v.                    **MEMORANDUM & ORDER**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

SAND, J.

Defendant, the New York City Department of Education, moves to dismiss as untimely Plaintiff's action to recover attorney's fees and costs incurred in connection with administrative proceedings brought pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. §§ 1400-1482 (2010).

For the reasons stated below, Defendant's motion to dismiss is granted.

## I. Background

Plaintiff E.A. is the mother of J.V., formerly a student with disability in the New York City school system. In 2007, Plaintiff, through her attorney Legal Services NYC-Bronx ("LSNYC"), filed a complaint with the Defendant seeking, *inter alia*, tutoring and transportation for J.V. to and from tutoring. Between September and December, 2007, a series of administrative hearings were held before an impartial hearing officer ("IHO"), who concluded, on January 16, 2008, that Defendant had failed to provide J.V. with a "free public education" and awarded Plaintiff tutorial services and transportation. Defendant did not appeal and the decision became final on February 20, 2008, when the time to appeal expired.

1

On February 22, 2011, more than three years after the IHO's decision, Plaintiff filed an action pursuant to 20 U.S.C. § 1415(i)(3) to recover costs and attorney's fees.  Plaintiff claims that she brought the action when she did because LSNYC, as a recipient of Legal Services Corporation funding, was prohibited from seeking fees until March 15, 2010, when Congress repealed the restriction.  LSNYC then "promptly identified existing cases arising under the IDEIA for which a claim could be made," which included Plaintiff's case.  Pl. Mem. Opp. Mot. Dismiss ("Plaintiff Memo") at 3.  Both parties agree that the applicable limitations period to institute an action for attorney's fees is governed by New York state law, N.Y. C.P.L.R. § 214(2), and is three years from accrual.  But the parties dispute when Plaintiff's cause of action actually accrued.  Defendant claims that it accrued on January 16, 2008, when the IHO rendered his decision and that Plaintiff's action was untimely because it was filed more than three years after this date.  Plaintiff claims that her cause of action instead accrued on February 20, 2008, the date on which the DOE's time to appeal the decision expired, and that her claim is therefore timely.[*]

## II. Standard of Review

On a motion to dismiss, a court reviewing a complaint will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir. 1999).  "To survive dismissal, the plaintiff must provide the grounds upon which his claims rests through 'factual allegations sufficient to raise a right to relief above the speculative level.'"  *ATSI Commc'ns Inc. v. The Shar Fund, Ltd.*, 493 F.3d 87,

---

[*] Assuming that Plaintiff is correct that the accrual date is February 20, 2008, a few words are in order as to why her claim is not nevertheless time-barred, given that she filed the action for attorney's fees on February 22, 2011.  The reason, Plaintiff suggests, is that February 20, 2011, fell on a Sunday and February 21, 2011, fell on President's Day, a court holiday.  Plaintiff Memo at 3 n.1.  Defendant does not object to this particular issue, nor do we find prejudice resulting from the delay.  *See Oladiji v. United States*, 953 F. Supp. 43, 45 (E.D.N.Y. 1996) (denying plaintiff's motion for summary judgment because "although the Government's judgment was three days late … those three days were court holidays [and plaintiff] has shown no prejudice by the slight delay.").  Therefore, if we agree that Plaintiff is correct about the accrual date, her February 22, 2011 action would be timely.

93 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, the plaintiff's complaint must include "enough facts to state a claim of relief that is plausible on its face." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 570). Plausibility, in turn, requires that the allegations in the complaint "raise a reasonable expectation that discovery will reveal evidence" in support of the claim. *Twombly*, 550 U.S. at 556.

### III. Discussion

20 U.S.C. § 1415(i)(3)(b)(i)(I) states that "[i]n any action or proceeding brought under this section, the [district] court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." Both Defendant and Plaintiff agree that the issue of accrual depends on when, exactly, a party "prevail[s]" under the IDEIA. They disagree, however, about when this occurs. Defendant argues that a party prevails when the IHO delivers a decision, while Plaintiff argues that a party prevails when the opposing party's window for appeal has closed.

Lest there be any confusion, we "interpret the [IDEIA] fee provisions in consonance with other civil rights fee-shifting statutes," which is to say that "the standard used to interpret the term 'prevailing party' under any given fee-shifting statute are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 75 (2d Cir. 2005) (citations and internal quotations marks omitted).

In *Sole v. Wyner*, 551 U.S. 74 (2007), the U.S. Supreme Court found that a plaintiff who prevailed at the preliminary injunction stage, only to lose on the merits at trial, was not a "prevailing party." *Id*. at 78. Drawing on but distinguishing *Sole*, the Second Circuit held that a

3

party who won on the merits at trial but whose case, on appeal, was vacated for mootness was nonetheless a "prevailing party." *Kirk v. New York State Dep't of Educ.*, 644 F.3d 134, 135–139 (2d Cir. 2011). In reaching its decision, the court looked at whether (i) the judgment at trial was obtained "on a fully developed record," (ii) the appellate court overturned the district court's judgment on the merits, and (iii) the judgment conferred a benefit on the party claiming to be the prevailing party. *Id*. at 138–139. The judgment in *Kirk* was obtained on a fully developed record and was on the merits. The appeals court, in turn, did not overturn the judgment on the merits. And, despite vacating the judgment for mootness, the plaintiff, Kirk, was able to keep the benefit—in this case a veterinary license—that he had achieved as a consequence of the judgment. Accordingly, Kirk was deemed to be the "prevailing party" and was entitled to attorney's fees.

The facts of the case fit squarely into *Kirk*. Plaintiff obtained a judgment on the merits and did so on the basis of a fully developed record. Plaintiff's judgment—which conferred on Plaintiff a material benefit in the form of tutoring and transportation—was not overturned on appeal because there was no appeal. On the facts of this case, Plaintiff "prevail[ed]" when the IHO delivered his decision. This conclusion is also in line with *A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 76 (2d Cir. 2005), in which the court held, on facts similar but not identical to those before us today, that "an IHO's decision on the merits in an IDEA proceeding does constitute 'administrative imprimatur' [and] changes the legal relationship between the parties … render[ing] the winning party a 'prevailing party.'" *Id*. at 76.

We emphasize that our result today might well have be different if Defendant had appealed the IHO's judgment. But since it did not, we are bound by the precedent outlined above. Plaintiff became the prevailing party on the date of the IHO's decision and her cause of

action for attorney's fees accrued on January 16, 2008, not on February 20, 2008. Therefore, by filing it on February 22, 2011, Plaintiff's cause of action was untimely.

## IV. Conclusion

For the foregoing reasons, Defendant New York City Department of Education's motion to dismiss is granted.

SO ORDERED.

November 7, 2011
New York, N.Y.

_____
U.S.D.J.

5